IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REVA BAILEY

                Plaintiff,

v.                                                  CIVIL ACTION NO. 3:04-1034

JOANNE BARNHART,
Commissioner of Social Security,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the plaintiff's motion for judgment on the pleadings be denied, that the like motion of the defendant be granted, and that the decision of the Commissioner be affirmed. The plaintiff has filed objections to the Findings and Recommendation.

**I.
STANDARD OF REVIEW**

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The scope of this Court's review of the Commissioner's decision, however, is narrow: This Court must uphold the Commissioner's factual findings "if they are supported by

substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "'more than a mere scintilla'" of evidence, but only such evidence "'as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Craig*, 76 F.3d at 589; *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" (citation omitted)).

In conducting this review, this Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4).

It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision.

*Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "The issue before [this Court], therefore, is not whether [the plaintiff] is disabled, but whether the A.L.J.'s finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)). Thus, it is necessary for this Court to review the evidence in this case to determine whether substantial evidence exists to support the ALJ's conclusion that Plaintiff is not disabled under the application filed June 7, 1995 and that the ALJ properly applied the law.

Applying these standards, the Court has reviewed *de novo* those portions of the Findings and Recommendation to which the plaintiff objected. For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

## II.
## DISCUSSION

The plaintiff originally filed her application on June 7, 1995, alleging disability as a consequence of fibromyalgia, nerves, depression, poor memory and concentration. As the Magistrate Judge details in his findings, there is a long procedural history attached to the plaintiff's June 7, 1995 application. Her initial application and reconsideration were denied and the plaintiff appealed. An ALJ, in a decision dated September 26, 1997, found that she was not disabled and, when the Appeal Counsel denied the plaintiff's request for review, the decision of the ALJ became the final decision of the Commissioner. Thereafter, the plaintiff filed a civil action in this Court on October 2, 1998, seeking review of the Commissioner's decision. While the case was pending in this Court, the plaintiff filed a second application for benefits. The second application was granted

with a disability onset date of April 1, 1999.

Meanwhile, the Magistrate Judge remanded the first application to the Commissioner on January 19, 2000 for a supplemental hearing. At that supplemental hearing, at which the plaintiff was not represented, the plaintiff amended her application to reflect an onset date of April 1, 1999, the date she was found disabled in her second application. Following a favorable decision, the plaintiff requested a review from the Appeals Counsel. The Appeals Counsel granted the plaintiff's request for review and remanded the case for another supplemental hearing, reasoning the plaintiff may have felt pressure to amend her onset date. The Appeals Counsel asked that the ALJ review the evidence and determine wether the plaintiff was disabled between June 7, 1995 through April 1, 1999. Following yet another supplemental hearing and upon consideration of additional evidence, the ALJ determined that the plaintiff was not disabled between June 7, 1995 and April 1, 1999. When the Appeal Counsel denied the plaintiff's request for review the decision of the ALJ became the final decision of the Commissioner. The plaintiff then filed this action on September 22, 2004, seeking review of the decision.

The plaintiff in her objection contends that the Magistrate Judge erred in failing to find the plaintiff was disabled between June 7, 1995 and April 1, 1999. The plaintiff contends that her problems are progressive in nature and that she actually became disabled at some point between 1995 and 1999. In determining the date of disability, the plaintiff argues that it necessary to infer the onset date based on the medical evidence. The ALJ, in his decision, engaged in an extensive discussion of the plaintiff's medical history between 1995 and 1999 and found that while she did have severe impairments, she did not meet or equal a listed level impairment. The ALJ further found that the was no evidence that her mental impairments during the relevant period prevented her from functioning outside her home.

In support of her contention that the medical evidence shows that she was disabled prior to April, 1999, the plaintiff points to the report of John P. Lesniak, M.D., a psychiatrist to whom the ALJ sent the plaintiff's medical evidence for his expert opinion of the plaintiff's mental impairments and limitations prior to April, 1999. Dr. Lesniak, as plaintiff contends, did find that during the relevant time the plaintiff did have "some depressive features usually from a secondary association with long-standing fibromyalgia." However, Dr. Lesniak also concluded that the plaintiff's medical evidence did not establish a disability that equaled a listed impairment.

The plaintiff, in her objection, also relies on the testimony of her daughter in support of her contention that the Magistrate Judge erred in the determination of her onset date. The Court acknowledges that the evidence is somewhat conflicting; however, it is not the role of this Court to make credibility assessments or to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d at 1456. The Court is only to review the record to ensure that the Commissioner's decision is supported by substantial evidence. Based upon the foregoing and incorporating the findings of the Magistrate Judge, the Court finds that the ALJ's decision that the plaintiff was not disabled between June 7, 1995 and April 1, 1999, is supported by substantial evidence.

### IV.
### Conclusion

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge. The Court **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, and **ORDERS** the final decision of the Commissioner of the Social Security Administration be **AFFIRMED** consistent with the Findings and Recommendation.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Taylor,

counsel of record, and any unrepresented parties.

        ENTER:  September 27, 2006

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE